LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

ENRIQUE ARANA, *on behalf of himself,*
*FLSA Collective Plaintiffs and the Class,*

                Plaintiff,

                v.

JAY-JAY CABARET, INC.
  d/b/a FLASHDANCERS GENTLEMEN'S CLUB,
59 MURRAY ENTERPRISES, INC.
  d/b/a NEW YORK DOLLS GENTLEMEN'S CLUB,
AAM HOLDING CORP.
  d/b/a PRIVATE EYES GENTLEMEN'S CLUB,
BAL RESTAURANT, LLC
  d/b/a MR. ROBATA,
BARRY LIPSITZ,
and BARRY LIPSITZ, JR.,

                Defendants.

Case No.:

**CLASS AND
COLLECTIVE ACTION
COMPLAINT**

---

       Plaintiff, ENRIQUE ARANA ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, JAY-JAY CABARET, INC. d/b/a FLASHDANCERS GENTLEMEN'S CLUB, 59 MURRAY ENTERPRISES, INC. d/b/a NEW YORK DOLLS

1

GENTLEMEN'S CLUB, AAM HOLDING CORP. d/b/a PRIVATE EYES GENTLEMEN'S CLUB, BAL RESTAURANT, LLC d/b/a MR. ROBATA, (the "Corporate Defendants"), BARRY LIPSITZ and BARRY LIPSITZ, JR., (together the "Individual Defendants," and collectively with the Corporate Defendants, the "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) unpaid spread-of-hours premium, (4) statutory penalties, (5) liquidated damages and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, ENRIQUE ARANA, for all relevant time periods, was a resident of Queens County, New York.

6. Corporate Defendant JAY-JAY CABARET, INC. d/b/a FLASHDANCERS GENTLEMEN'S CLUB is a domestic business corporation organized under the laws of the State of New York, with an address for service of process located at 235 East 22nd Street, Apt 50-P,

2

New York, New York 10010. JAY-JAY CABARET, INC. owns and operates a gentlemen's club under the trade name "Flashdancers" located at 1674 Broadway, New York, New York 10019.

7. Corporate Defendant 59 MURRAY ENTERPRISES, INC. d/b/a NEW YORK DOLLS GENTLEMEN'S CLUB is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 59 Murray Street, New York, New York 10007. Individual Defendant BARRY LIPSITZ is the Chief Executive Officer of 59 MURRAY ENTERPRISES, INC. which owns and operates a gentlemen's club under the trade name "New York Dolls," located at 59 Murray Street New York, New York 10007.

8. Corporate Defendant AAM HOLDING CORP. d/b/a PRIVATE EYES GENTLEMEN'S CLUB is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 320 W. 45th Street, New York, New York 10036. AAM HOLDING CORP. owns and operates a gentlemen's club under the trade name "Private Eyes," located at 320 W. 45th Street, New York, New York 10036.

9. Corporate Defendant BAL RESTAURANT, LLC d/b/a MR. ROBATA is a domestic limited liability company organized under the laws of the State of New York, with an address for service of process located at 244 W. 71st Street, New York, New York 10023. Individual Defendant BARRY LIPSITZ is the owner and operator of BAL RESTAURANT, LLC which owns and operates a restaurant under the trade name "Mr. Robata" located at 1674 Broadway, New York, New York 10019 (located within the "Flashdancers" gentlemen's club).

10. The Corporate Defendants and Individual Defendants jointly own and operate "Flashdancers," "New York Dolls," "Private Eyes," (together "Clubs"), and "Mr. Robata,"

3

("Restaurant"), as a single integrated enterprise as the businesses are engaged in related activities, share common ownership, and have a common business purpose.

    a. The Clubs and Restaurant are commonly owned and operated by the Individual Defendants and by the Corporate Defendants. (*See infra* Paragraphs 6-9).

    b. The Clubs share the common purpose of operating as gentlemen's clubs in New York City.

    c. The Clubs' websites have the exact same layout and design. (*See* EXHIBIT A: Defendants' Flashdancers Website "Home" Page; EXHIBIT B: Defendants' New York Dolls Website "Home" Page; EXHIBIT C: Defendants' Private Eyes "Home" Page).

    d. The Clubs are advertised jointly as a common enterprise as each respective Clubs' website has a "Locations" page which provides the names, addresses, and phone numbers of all three clubs as well as a link to each Club's individual website. (*See* EXHIBIT D: Defendants' "Locations" Page for Flashdancers, Private Eyes, and New York Dolls). Also, the restaurant, "Mr. Robata" is located inside the club, "Flashdancers" and listed on their website's "Restaurant" Page. (*See* EXHIBIT D: Defendants' "Locations" Page for Flashdancers, Private Eyes, and New York Dolls).

11. Individual Defendants, BARRY LIPSITZ and BARRY LIPSITZ, JR., are officers, owners, and operators of each of the Corporate Defendants. The Individual Defendants exercise operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. They exercise the power to fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the

Class. At all times, employees could complain to the Individual Defendants directly regarding any of the terms of their employment, and the Individual Defendants would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. The Individual Defendants additionally exercise functional control over the business and financial operations of each of the Corporate Defendants. They ensure that employees properly prepare food and effectively serve and cater to customers to ensure that the Clubs and the Restaurant are operating efficiently and profitably.

12. At all relevant times, each of the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including waiters, porters, bartenders, barbacks, hostesses, cooks, food preparers, delivery persons, and bouncers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated

herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

17. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including waiters, porters, bartenders, barbacks, hostesses, cooks, food preparers, delivery workers, and bouncers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

18. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

19. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

20. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay the proper minimum wage, (ii) failing to pay overtime premium for hours worked in excess of 40 per workweek, (iii) failing to pay spread-of-hours premium and (iv) failing to provide proper wage notice and wage statements to employees. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will

be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;

d) Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

e) Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law;

f) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law;

g) Whether Defendants improperly paid Plaintiff and Class members on a fixed salary basis, when New York State law requires that all non-exempt employees be paid on an hourly basis;

h) Whether Defendants paid Plaintiff and Class members the federal and state minimum wage for all hours worked;

i) Whether Defendants properly compensated Plaintiff and Class members for overtime under state and federal law; and

j) Whether Defendants paid the spread-of-hours premium owed to employees working more than ten hours per day as required by New York Labor Law.

## STATEMENT OF FACTS

25. On or about July 2011, Plaintiff ENRIQUE ARANA was hired by Defendants to work as a porter for "Flashdancers" located at 1674 Broadway, New York, New York 10019. Plaintiff ARANA's job duties consisted of cleaning and maintenance.

26. On or about January 2014 Plaintiff ARANA was discharged from "Flashdancers." Subsequently, on or about March 2014, Plaintiff ARANA was rehired by Defendants to work as

a porter for "New York Dolls" located at 59 Murray Street New York, New York 10007. Plaintiff ARANA's job duties consisted of cleaning and maintenance.

27. Plaintiff ARANA's employment with Defendants was terminated on September 9, 2014.

28. Plaintiff ARANA worked a total of 65 hours per week from July 2011 to January 2014 according to the following schedule:

   a. Tuesdays: 3:30 am to 1:00 pm for a total of 9.5 hours.

   b. Wednesday: 3:30 am to 1:00 pm and 7:30 pm to 5:00 am for a total of 19 hours.

   c. Thursday: 7:30 pm to 5:00 am for a total of 9.5 hours.

   d. Friday: 7:30 pm to 5:00 am for a total of 9.5 hours.

   e. Saturday: 7:30 pm to 5:00 am for a total of 9.5 hours.

   f. Sunday: 8:00 pm to 4:00 am for a total of 8 hours.

Plaintiff ARANA's schedule from March 2014 to July 2014 was Wednesday to Saturday (from 7:30 pm to 6:30 am) for 11 hours per day for a total of 44 hours per week. Plaintiff ARANA's schedule from July 2014 to September 2014 was Tuesday to Saturday (from 7:30 pm to 6:30 am) for 11 hours per day for a total of 55 hours per week. Throughout Plaintiff ARANA's employment by Defendants, he never clocked in or out and was never given a lunch break.

29. Plaintiff ARANA was compensated by Defendants on a daily fixed salary of $75 per day from July 2011 to March 2014 and a daily fixed salary of $85 per day from March 2014 for September 2014. Throughout Plaintiff ARANA's employment by Defendants, he was always paid in cash and was never provided a pay stub nor was he provided with any wage notice. There was no agreement between Plaintiff and Defendants that the daily fixed salary would cover any overtime hours worked by Plaintiff.

10

30. FLSA Collective Plaintiffs and Class members worked similar hours, were similarly paid on a fixed salary basis, and were similarly not provided any proper wage statements or notices.

31. Defendants willfully violated Plaintiff, FLSA Collective Plaintiffs and Class members' rights by paying them on a fixed salary basis, in violation of the New York Labor Law because Plaintiff and Class members are non-exempt employees who must be paid on an hourly basis.

32. At all relevant times, Defendants paid Plaintiff, FLSA Collective Plaintiffs and Class members below the standard minimum wage.

33. Although Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty hours per week, Defendants never paid the required FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for hours they worked over 40 in a workweek.

34. Plaintiff and Class members had workdays that regularly exceeded 10 hours in length. Defendants never paid them the spread-of-hours premium as required by NYLL.

35. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage notices or wage statements as required by NYLL. For example, Defendants paid Plaintiff in cash and failed to provide Plaintiff and Class members with paystubs to reflect their hours worked or hourly rate.

36. Defendants failed to keep the proper employment records required under the FLSA and NYLL.

37. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS**

38. Plaintiff realleges and reavers Paragraphs 1 through 37 of this class and collective action Complaint as if fully set forth herein.

39. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

40. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

41. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

42. At all relevant times, the Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked.

43. At all relevant times, the Defendants also engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

44. Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of

Court to amend this Complaint to set forth the precise amount due.

45. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

46. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

47. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime wages, plus an equal amount as liquidated damages.

48. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

49. Plaintiff realleges and reavers Paragraphs 1 through 48 of this class and collective action Complaint as if fully set forth herein.

50. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

51. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

52. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

53. Defendants willfully violated Plaintiff's and Class members' rights by paying

them on a fixed salary basis when Plaintiff and Class members were non-exempt employees who should have been paid an hourly rate.

54. Defendants failed to properly notify Plaintiff and Class members of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

55. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay the spread-of-hours premium required by state law.

56. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

57. Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

58. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime, unpaid minimum wage, unpaid spread-of-hours premium, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the

    New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of unpaid spread-of-hours premium due under the New York Labor Law;

f. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage and spread-of-hours premium pursuant to the New York Labor Law;

i. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k. Designation of this action as a class action pursuant to F.R.C.P. 23;

l. Designation of Plaintiff as Representative of Class; and

m. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: August 6, 2015             Respectfully submitted,

                                        LEE LITIGATION GROUP, PLLC
                                        C.K. Lee (CL 4086)
                                        Anne Seelig (AS 3976)
                                        30 East 39th Street, Second Floor
                                        New York, NY 10016
                                        Tel.: 212-465-1188
                                        Fax: 212-465-1181
                                        *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

                              By: */s/ C.K. Lee*
                                   C.K. Lee, Esq. (CL 4086)