# Exhibit 1

## SETTLEMENT AGREEMENT, GENERAL RELEASE AND WAIVER

This Settlement Agreement, General Release and Waiver ("Agreement"), made this 20th day of November, 2015, by and between plaintiff Enrique Arana ("Arana" or "Plaintiff"), and defendants, Jay-Jay Cabaret, Inc. d/b/a Flashdancers Gentlemen's Club, 59 Murray Enterprises, Inc. d/b/a New York Dolls Gentleman's Club, AAM Holding Corp. d/b/a Private Eyes Gentlemen's Club, Bal Restaurant, LLC d/b/a Mr. Robata, Barry Lipsitz, and Barry Albert Lipsitz, Jr. (collectively referred to herein as "Defendants").

### WITNESSETH:

**WHEREAS**, an action was commenced on or about August 6, 2015, by Arana against Defendants in the District Court of the Southern District of New York, Case No. 15 cv 6185 (JGK) (the "Lawsuit");

**WHEREAS**, Defendants dispute the issues of liability and damages in the Lawsuit;

**WHEREAS**, Plaintiff and Defendants (each separately a "Party" and collectively "Parties") desire by this Agreement to settle fully all differences, disputes and claims that may exist between them;

**NOW, THEREFORE**, for and in consideration of the mutual covenants herein contained and for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. **Settlement**.

    A.  Ten (10) days after the Effective Date, as defined in Paragraph 13(C), Defendants shall cause to be delivered, in full and final settlement of Arana's claims in the Lawsuit, to C.K. Lee, Esq., Lee Litigation Group, PLLC, 30 E. 39th Street, 2nd Floor, New York, NY 10016, the sum of Twenty-Seven Thousand Five Hundred Dollars ($27,500.00) in full and final settlement of the Lawsuit (the "Settlement Sum"). The Settlement Sum shall be paid by two (2) checks made payable as follows:

    i. Lee Litigation Group, PLLC as attorneys: $11,500.00.
    ii. Enrique Arana: $16,000.00, less all applicable withholdings, for which an I.R.S. Form W-2 will be issued for $8,000.00 and an I.R.S. Form 1099 will be issued for $8,000.00.

    B.  Plaintiff acknowledges and agrees that, except as expressly provided in paragraph 1(A) above, Plaintiff is not entitled to and will not receive any additional compensation, bonuses, severance payments, vacation pay or benefits of any kind from Defendants, or any of their employees, owners, affiliates, predecessors or successors, and that no representations or promises to the contrary have been made by or on behalf of Defendants to Plaintiff.

    C.  Plaintiff further acknowledges and agrees that (i) this settlement may result in taxable income to Plaintiff under applicable federal, state and local tax laws; (ii) Defendants are

providing no tax, accounting or legal advice to Plaintiff, and make no representations regarding any tax obligations or tax consequences on Plaintiff's part relating to or arising from this Agreement; (iii) Plaintiff shall be solely responsible for all of his tax obligations, including, without limitation, all federal, state and local taxes, and all tax liens or claims against Defendants that may arise from all payments received by them under this Agreement, and Plaintiff shall not seek any indemnification from Defendants with respect thereto; (iv) Plaintiff has been advised that Defendants must comply with their obligations to make reports of such taxable income to the appropriate federal, state and local tax authorities, and issue IRS Forms 1099 and W-2, as appropriate, and (v) Plaintiff shall cooperate and provide information to Defendants, as reasonably necessary, to allow Defendants to comply with all applicable federal, state and local tax laws.

2. **Dismiss Action**. For and in consideration of the Settlement Sum detailed in paragraph 1(A) of this Agreement, which Plaintiff acknowledges to be sufficient consideration to support this Agreement, Plaintiff shall secure the dismissal of all complaints, suits, actions, charges, claims, and/or proceedings he has instituted against Defendants, including, but not limited to the Lawsuit. Plaintiff hereby warrants that he has not filed or caused to be filed, and is not presently a party to any charge, complaint, appeal, suit, action, allegation, claim and/or proceeding against Defendants in any form or forum other than the Lawsuit, which he agrees to dismiss with prejudice. To that end, Plaintiff will cooperate with Defendants as required in ensuring the dismissal of the Lawsuit with prejudice.

3. **No Admissions**. This Agreement does not constitute an admission by any of the Parties of any violation of any contract or of any statute, or of any constitutional or common law, or of any rights thereunder, of any federal, state or local government of the United States, and Plaintiff, and Defendants expressly deny any such violation or liability. This Agreement may not be introduced in any action or proceeding by anyone for any purpose except to enforce its terms.

4. **Release by Plaintiff**. In consideration of Defendants' willingness to enter into this Agreement, and in consideration for the agreements of Defendants contained in this Agreement, including the payment of the Settlement Sum, Plaintiff, with the intention of binding Plaintiff, his heirs, beneficiaries, trustees, administrators, executors, assigns and legal representatives, hereby irrevocably and unconditionally releases, waives and forever discharges Defendants from, and hereby acknowledges full accord and satisfaction of, any and all actions, causes of action, claims, complaints, demands, damages, rights, remedies and liabilities of whatsoever kind or character (upon any legal or equitable theory, whether contractual, common law or statutory, under federal, state or local law or otherwise), past or present, whether known or unknown, asserted or unasserted, that he has ever had, may now have, or may later assert against Defendants by reason of any act, omission, transaction, agreement or occurrence, that Plaintiff ever had, now has or hereafter may have against the Defendants up to and including the date of the execution of this Agreement, including, without limitation, claims asserted in the Lawsuit. Plaintiff represents that he does not have knowledge of any further causes of action that he possesses against Defendants through the date of this Agreement.

Without limiting the generality of the foregoing, Plaintiff hereby releases and forever discharges Defendants from:

  (i)  all claims of employment discrimination, harassment or retaliation under any federal, state or local statute or ordinance, public policy or common law, including, without limitation, any and all claims under Title VII of the Civil Rights Act of 1964, the Civil Rights Acts of 1866 and 1991, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Worker Adjustment and Retraining Notification Act, the Fair Labor Standards Act, the Sarbanes-Oxley Act, the Family & Medical Leave Act, the New York State and New York City Human Rights Laws, the New York Labor Law, the New York Worker Adjustment and Retraining Notification Act, the New York Constitution, and as such laws have been amended;

  (ii)  all contract and quasi-contract claims, claims for promissory estoppel or detrimental reliance, claims for wages, gratuities, bonuses, incentive compensation, and severance allowances or entitlements;

  (iii)  all claims for employee benefits, including, without limitation, any and all claims under the Employee Retirement Income Security Act of 1974, as amended;

  (iv)  all claims for fraud, slander, libel, defamation, disparagement, negligent or intentional infliction of emotional distress, personal injury, prima facie tort, negligence, compensatory or punitive damages, or any other claim for damages or injury of any kind whatsoever; and

  (v)  all claims for monetary recovery, including, without limitation, attorneys' fees, costs and disbursements and the like.

  Plaintiff agrees that he will not recover upon, or otherwise enforce or accept monies from any judgment, decision or award upon any claim released by Plaintiff in this paragraph.

  This Agreement and the release and discharge contained in this paragraph 4 shall also apply to Defendants' insurers, their past and present contractors, officers, directors, attorneys, agents, servants, representatives, employees, affiliates, partners, members, shareholders, heirs, assigns, predecessors and successors in interest and assigns.

  5.  **Press Contacts/Publicity.** The Parties, their lawyers and their agents shall not contact the press or general media regarding the Lawsuit, or this Agreement. As used herein, "the press or general media" shall refer to and include newspapers, periodicals, magazines, online publications, and television and radio stations and programs, and any representative of the foregoing. The Parties and their lawyers may return phone calls or otherwise respond to any inquiries they receive directly from the press or general media, but in doing so will only advise of the existence of this provision, that the parties have resolved the matter to their mutual satisfaction, and direct the requesting party to the Court file without providing any further information. This provision shall not preclude Defendants from making announcements and/or disclosure required by law.

[4972-5/4776518/1]

6. **Non-Disparagement**. The Parties agree that they will not, directly or indirectly, disparage or criticize the other party or parties, as applicable, or encourage, induce or permit others to disparage the other party, or parties, as applicable. For the purposes of this Agreement, "disparage" includes, without limitation, (1) comments or statements (written or otherwise) to any person or entity, including, without limitation, to the press and/or media, employees, partners or principals of Jay-Jay Cabaret, Inc., 59 Murray Enterprises, Inc., AAM Holding Corp., and Bal Restaurant, LLC or any entity with which Jay-Jay Cabaret, Inc., 59 Murray Enterprises, Inc., AAM Holding Corp., and Bal Restaurant, LLC has a business relationship, which is intended to or could reasonably be expected to be inconsistent with or injurious to the interests or the reputation of Jay-Jay Cabaret, Inc., 59 Murray Enterprises, Inc., AAM Holding Corp., and Bal Restaurant, LLC or cause embarrassment or humiliation or otherwise cause or contribute to their being held in disrepute, and (2) comments or statements (written or otherwise) to any person or entity, including, without limitation, to any employer or prospective employer of Plaintiff that may cause embarrassment or humiliation or otherwise cause or contribute to Plaintiff being held in disrepute. A breach of this provision of this Agreement shall be deemed a material violation of this Agreement.

7. **No Assist**. **Plaintiff represents and agrees that he shall not voluntarily take any action to support, encourage or participate in any action or proceeding or attempted action or proceeding other than the Lawsuit which names, or may in any way damage the reputation of Defendants, Defendants' heirs, agents, servants, representatives, employees, affiliates, parents, subsidiaries, partners, predecessors, successors in interest, assigns, shareholders, directors, or officers. If Plaintiff is ordered or subpoenaed by order of a court of competent jurisdiction or a state or federal governmental agency, in connection with a lawsuit which refers or relates to Defendants, Plaintiff is not barred from revealing factual information he may be asked, but may not volunteer in any way to participate in any such lawsuit. It is understood and agreed that notice of receipt by Plaintiff of any such judicial or agency order, inquiry or subpoena shall immediately be communicated by Plaintiff to counsel for Defendants telephonically, and then confirmed immediately thereafter in writing, so that Defendants will have an opportunity to intervene to assert what rights they may have to non-disclosure prior to responses to said order, inquiry or subpoena.**

**Plaintiff represents and warrants that he is not aware of any other former independent contractors or employees of Defendants that intend to, or are in the process of, or are considering asserting any legal claims against Defendants or their affiliates of any nature whatsoever.**

8. **Confidentiality**. Plaintiff and Defendants agree not to disclose, unless required by law, any information regarding the underlying facts leading up to this Agreement; provided, however that the Parties may disclose the Agreement and underlying facts to the Court in connection with obtaining a determination of fairness of the within settlement of the Lawsuit, and Plaintiff may disclose the terms of this settlement to Plaintiff's spouse (as applicable), tax advisor, and/or attorneys. If Plaintiff is required by law to produce a copy or to make such a disclosure, Plaintiff will give the Defendants reasonable advance notice prior to such production or disclosure. This provision does not prohibit any Party to this Agreement from testifying truthfully or producing information pursuant to a subpoena or as ordered by a court or other governmental authority.

[4972-5/4776518/1]

9. **Professional Relationship**.

Plaintiff agrees that his professional relationship with Defendants has been permanently and irrevocably severed. Plaintiff agrees that none of the Defendants or any affiliated entities of Defendants, whether in the State of New York or any other State, shall have any obligation at any time in the future to employ Plaintiff or enter into any other type of professional or business relationship with Plaintiff. Plaintiff agrees that he will not seek employment or any other professional or business relationship with Defendants or any affiliated entities of Defendants, whether in the State of New York or any other State. Plaintiff further agrees that if Plaintiff seeks employment or any other arrangement with Defendants or any affiliated entities of Defendants, whether in the State of New York or any other State, under which Plaintiff would receive compensation for services performed by Plaintiff, a rejection by Defendants or any affiliated entities of Defendants, whether in the State of New York or any other State, of any application or inquiry of Plaintiff will not constitute a violation of this Agreement or a violation of law in any manner whatsoever.

10. **Forfeiture**. In the event that Plaintiff or Plaintiff's undersigned counsel is in material breach of this Agreement, including but not limited to a breach of provisions 5 – 9, or if Plaintiff commences any action or proceeding or in any way seeks relief or redress for any claims released pursuant to Paragraph 4 above, Plaintiff shall forfeit the Settlement Sum. Defendants shall not be barred from seeking additional damages or relief above and beyond the Settlement Sum.

11. **Lack of Duress**. The Parties represent and warrant that they have each read this Agreement and that this Agreement has been executed of their own free will, without promises, threats or the exertion of duress upon them.

12. **No Representations**. The Parties warrant and represent that no statements, representations, coercion, promises or warranties were made by any other Party or its representatives to influence, induce or cause the other to enter into this Agreement other than statements and representations specifically recited in this Agreement.

13. **Review and Revocation**.

A. The Parties to this Agreement represent and warrant that they have been represented by independent legal counsel of their own choice throughout all of the negotiations preceding the execution of this Agreement and that they have executed this Agreement after consultation with such counsel. The Parties further warrant that they have, in fact, reviewed this Agreement in its entirety, that they have had all of its terms and provisions explained to them by their attorneys, who have answered any and all questions they have asked with regard to the meaning of any of the terms and provisions of this Agreement, and that they fully understand the terms, provisions and legal effect of this Agreement.

B. Plaintiff acknowledges that before signing this Agreement, he was given at least twenty-one (21) days in which to review and consider it; Plaintiff has, in fact, carefully

reviewed this Agreement; and Plaintiff is entering into it voluntarily and of his own free will. Further, Plaintiff acknowledges that if Plaintiff executes this Agreement before the end of the twenty-one (21) day period, such early execution was completely voluntary, and Plaintiff had reasonable and ample time in which to review this Agreement.

        C.    Plaintiff agrees that, for a period of seven (7) days after he signs this Agreement, Plaintiff has the right to revoke it by providing notice, in writing, by Federal Express or other overnight delivery service, or by certified mail, return receipt requested, to counsel for Defendants. This Agreement will not become fully effective and enforceable until three (3) business days after: the expiration of the seven-day revocation period and, in the event that the Court in the Lawsuit requires approval of the within settlement, after the Court issues an order providing approval of the within settlement (the "Effective Date"). Any attempted revocation not actually received by counsel for Defendants prior to the revocation deadline will not be effective.

        D.    Plaintiff understands that his acceptance of the Settlement Sum at any time more than seven (7) days after he signs this Agreement confirms that he did not revoke his assent to this Agreement and, therefore, that it is fully effective and enforceable.

    14.    **Warranty of Capacity to Execute Agreement**. The Parties represent and warrant that no other person or entity has, or has had, any interest in the claims, demands, obligations or causes of action referred to in this Agreement, except as otherwise set forth herein; that the Parties have the sole right and exclusive authority to execute this Agreement; that Plaintiff has the sole right and exclusive authority to receive the Settlement Sum; and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Agreement.

    15.    **Entire Agreement**. This Agreement contains the entire understanding between the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof. This Agreement may not be changed orally, and no modification, amendment or waiver of any of the provisions contained in this Agreement, nor any future representation, promise or condition in connection with the subject matter hereof, shall be binding upon any Party unless made in writing and signed by such Party.

    16.    **Severability**. If any court of competent jurisdiction concludes that any part, term or provision of this Agreement is illegal, void, unenforceable or in conflict with any state, federal or any other applicable law, it is the Parties' intention that the Agreement be deemed to be modified so that its purpose can lawfully be effectuated and, as so modified, the balance of this Agreement shall be enforceable and remain in full force and effect. Provided, however, that if paragraph 4 above is held to be illegal, void or unenforceable, Plaintiff agrees to promptly execute valid general releases and waivers in favor of Defendants.

    17.    **Counterparts**. This Agreement may be executed in more than one counterpart, each of which when so executed shall be deemed to be an original and all of which when taken together shall constitute one and the same instrument. Facsimile or scan copies of signatures shall be deemed originals.

[4972-5/4776518/1]

18. **Governing Law**. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to its conflict of laws principles and provisions. Any action or proceeding between the Parties shall be commenced only in the state courts located in the State of New York, and Plaintiff and Defendants hereby submit to the exclusive jurisdiction of the state courts located in the City, County and State of New York.

19. **Successors and Assigns**. This Agreement shall extend to, be binding upon, and inure to the benefit of the Parties and their respective successors and assigns.

20. **Assignment**. Neither this Agreement nor any rights or obligations hereunder may be assigned by one Party without the written consent of the others, except that Defendants may assign this Agreement to any parent or affiliate entity, and this Agreement shall inure to the benefit of any successor of Defendants, whether by merger, consolidation, sale of assets or otherwise, and reference herein to Defendants shall be deemed to include any such successor or successors. The obligations of Plaintiff hereunder shall be binding upon Plaintiff.

21. **Waiver**. No waiver of any breach of any term or provision of this Agreement shall be construed to be, nor shall be, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the Party waiving the breach.

22. **Headings**. All headings of the Sections of this Agreement have been inserted for convenience of reference only, are not to be considered a part of this Agreement, and shall in no way affect the interpretation of any of the provisions of this Agreement.

23. **Miscellaneous Provisions**.

   a. The recitals to this Agreement are hereby deemed incorporated into this Agreement.

   b. Each of the Parties hereto has joined in and contributed to drafting this Agreement and each of the Parties hereby agree that there shall be no presumption favoring any of the Parties based upon draftsmanship.

24. **Notices**. Except as otherwise provided in this Agreement, any notice, request, authorization, demand or other communication hereunder shall be in writing and shall be deemed to have been duly given if mailed by registered or certified mail, return receipt requested, or via overnight delivery service, addressed to the respective address of each Party set forth below, or to such other address as each Party may designate by notice.

If to Plaintiff:

>C.K. Lee, Esq.
>Lee Litigation Group, PLLC
>30 E. 39th St., 2nd Floor
>New York, New York 10016

[4972-5/4776518/1]

If to Defendants:

       Jay-Jay Cabaret, Inc., 59 Murray Enterprises, Inc., AAM Holding Corp.,
       or Bal Restaurant, LLC
       c/o Worldwide Entertainment
       1674 Broadway
       New York, NY 10019

       with a copy to:

       Meister Seelig & Fein LLP
       125 Park Ave., 7th Floor
       New York, NY 10017
       Attn: Howard Davis, Esq.

**[THE REMAINDER OF THE PAGE IS INTENTIONALLY LEFT BLANK]**

**WHEREFORE,** the Parties have caused this Agreement to be signed as of the day and date first above written.

Enrique Arana

*/s/ Enrique Arana*

Jay-Jay Cabaret, Inc.

By: */s/ Barry Lipsitz*
Barry Lipsitz, Vice-President

59 Murray Enterprises, Inc.,

By: */s/ Barry Lipsitz*
Barry Lipsitz, President

AAM Holding Corp.

By: */s/ Marsha Lipsitz*
Marsha Lipsitz, President

Bal Restaurant, LLC

By: */s/ Barry Albert Lipsitz, Jr.*
Barry Albert Lipsitz, Jr., President

*/s/ Barry Lipsitz*
Barry Lipsitz

*/s/ Barry Albert Lipsitz, Jr.*
Barry Albert Lipsitz, Jr.

[4972-5/4776518/1]

Agreed solely with respect to Sections 5 and 10 of the above Agreement

_____
C.K. Lee, Esq.
Lee Litigation Group, PLLC
30 East 39th Street, 2nd Floor
New York, New York 10016
Telephone: (212) 465-1180
Fax: (212) 465-1181
cklee@leelitigation.com

Counsel for Plaintiff